**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 18 2012, 9:16 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL DOMINIQUE,          )
                            )
    Appellant-Defendant,    )
                            )
       vs.               )    No. 34A02-1205-CR-424
                            )
STATE OF INDIANA,           )
                            )
    Appellee-Plaintiff.     )

APPEAL FROM THE HOWARD CIRCUIT  COURT
The Honorable Lynn Murray, Judge
Cause Nos. 34C01-1106-FA-101 and 34C01-1107-FC-122

**December 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

STATEMENT OF THE CASE

Michael Dominique appeals his sentence for Class C felony battery resulting in serious bodily injury, Ind. Code § 35-42-2-1(a)(3) (2009), and Class C felony burglary, Ind. Code § 35-43-2-1 (1999). We affirm Dominique's sentence and remand for a correction to the sentencing order.

ISSUES

Dominique raises one issue, which we restate as two:

I.      Whether his sentence is inappropriate.

II.     Whether the sentencing order misstates his credit days.

FACTS AND PROCEDURAL HISTORY

In June 2011, Dominique broke into the Izaak Walton League building in Kokomo with the intent to commit theft. In a separate incident four days later, Dominique broke into the vehicle of Veronica Pratt, the mother of his two children, and waited for her. When Pratt got in her vehicle to go to work, Dominique severely beat her, and she had to jump out of the vehicle to escape. Pratt sustained head injuries as a result of the attack.

The State charged Dominique in two cause numbers. In cause number 34C01-1106-FA-101, Dominique was charged with Class A felony attempted kidnapping and Class C felony battery resulting in serious bodily injury. In cause number 34C01-1107-FC-122, Dominique was charged with five counts of Class C felony burglary.

In January 2012, the parties filed a plea agreement in both cause numbers, which provided that Dominique would plead guilty to Class C felony battery resulting in serious bodily injury and one count of Class C felony burglary, and in exchange, the State would

2

recommend concurrent sentences and dismiss the remaining counts. The trial court ordered a presentence investigation report, which subsequently recommended rejecting the plea agreement for being "extremely lenient" in light of Dominique's criminal history. Appellant's App. p. 34. The court rejected the plea agreement.

The parties filed another plea agreement in April 2012. The terms of this second agreement differed from the first only in that the State would recommend consecutive sentences. The trial court accepted the plea agreement and entered judgments of conviction for Class C felony battery resulting in serious bodily injury and Class C felony burglary.

At the sentencing hearing, Pratt testified about how Dominique's attack had affected her children. Her eight-year-old son had a lot of anger and attended counseling as a result of the attack. When he was given a toy gun, his first reaction was, "I can protect you from daddy." Tr. p. 15. Her five-year-old daughter cried when she saw Pratt after the attack, did not want to go to school because "she's afraid that daddy was going to come back" and hurt her, and slept with Pratt at night because she was scared. *Id.* Pratt's adopted daughter was also afraid that Dominique would hurt her, and Pratt's nineteen-year-old daughter attended counseling and constantly called to make sure Pratt was okay.

Pratt further stated that her brother was staying with her and checks her car before she drives because she is afraid someone will be in her car. She frequently panics, does not drive at night, constantly checks her locks, wakes up "screaming with nightmares," and is terrified that Dominique will kill her when he gets out of prison. *Id.* at 16. She

3

told the court that she feels she and her children have to leave Indiana and start their lives over elsewhere to be safe.

Pratt asked the court to impose the maximum sentence of sixteen years executed regardless of the fact that Dominique would have no probationary period in which to pay restitution. The State recommended sixteen years executed with three years suspended to probation.

The trial court found Dominique's guilty plea as mitigating but accorded it little weight in light of the fact that a Class A felony and four Class C felony charges were dismissed. As aggravators, the court noted Dominique's extensive criminal history, that prior attempts at rehabilitation had failed, and that he was at high risk of reoffending. The court imposed eight years executed for the battery conviction and a consecutive eight years with one year suspended to supervised probation on the burglary conviction. Conditions of his probation included that he pay over four thousand dollars to Pratt in restitution and that he have no contact with Pratt or her family. Dominique now appeals his sentence.

DISCUSSION AND DECISION

I. INAPPROPRIATE SENTENCE

Dominique contends that his aggregate sentence of sixteen years with one year suspended to supervised probation is inappropriate. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence

4

authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

We first look to the statutory range established for the class of the offenses. Dominique pleaded guilty to two Class C felonies. The statutory range for a Class C felony is between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6(a) (2005). The trial court sentenced Dominique to an aggregate term of sixteen years with one year suspended to supervised probation.

We next look to the nature of the offenses and Dominique's character. As to the nature of the offenses, Dominique broke into the Izaak Walton League building with the intent to commit theft. Just a few days later, he broke into Pratt's vehicle and waited to attack her. When she got in the vehicle, he battered her so severely that she sustained head injuries. She had to jump out of the vehicle to escape. Dominique's actions have traumatized Pratt and her children, including the two children she shares with Dominique. Pratt is terrified that Dominique will kill her and believes she must move her family out of Indiana.

As to Dominique's character, his criminal history alone justifies the sentence imposed by the trial court. At the time of the sentencing hearing, Dominique had already accumulated five other felony convictions and eleven misdemeanor convictions. His

felony convictions include robbery, theft, auto theft, and receiving stolen property. His misdemeanor convictions include domestic battery, check deception, criminal conversion, and resisting law enforcement. In addition, Dominique has been arrested on numerous other occasions on charges that were subsequently dismissed or whose dispositions are unknown. *See Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991) (noting that a record of arrests "reveal[s] to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State"). Further, Dominique was on probation when he committed the instant offenses.

In arguing that his sentence is inappropriate, Dominique faults the trial court's consideration of his six prior battery arrests. Specifically, the court stated: "[Your criminal history] also includes 6 arrests for battery. That's harming other people. That seems to be a pattern of yours." Tr. p. 26. The trial court, however, was entitled to consider this information in assessing the risk that Dominique would commit another crime. *See Tunstill*, 568 N.E.2d at 545 (noting that a record of arrests "is relevant to the court's assessment of the defendant's character and the risk that he will commit another crime").

Dominique has failed to persuade us that his sentence is inappropriate.

## II. SENTENCING ORDER

Dominique briefly states that the trial court may have made a "typographical error" in the sentencing order by crediting him with "five hundred and seventy-two (572) actual days served" in cause number 34C01-1107-FC-122. Appellant's Br. p. 4. He does

6

not specify what the error is or how it should be corrected. Nonetheless, we observe that the trial court's full statement on this point is: "Defendant has two hundred and eighty six (286) actual and five hundred and seventy two (572) actual days served under this cause of action." Appellant's App. p. 23. It is clear from the trial court's order that it intended to credit Dominique with 572 *credit* days served. To the extent Dominique intended to raise a different issue with respect to the 572 days, it is waived for failure to present a cogent argument. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."); *Lyles v. State*, 834 N.E.2d 1035, 1050 (Ind. Ct. App. 2005) (waiving issue for failure to develop cogent argument), *trans. denied*. We therefore remand to the trial court with instructions to correct the sentencing order.

## CONCLUSION

For the reasons stated, we affirm Dominique's sentence and remand to the trial court with instructions.

Affirmed and remanded with instructions.

NAJAM, J., and BARNES, J., concur.